IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY PETERSON, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO.<br>3:08-CV-1191-M |
| DALLAS INDEPENDENT SCHOOL<br>DISTRICT and JOHN DOES 1-10, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas Independent School District's Motion to Dismiss [Docket Entry #7]. For the reasons set forth in detail below, the Court **GRANTS** Defendant's Motion.

### I. FACTUAL BACKGROUND

Plaintiffs Anthony and Sharon Peterson, individually and as next friends to Essance Peterson, Essance Peterson, Tomika Davis, individually and as next friend to Cedric Laderro Davis, Cedric Laderro Davis, Zakaya Payne, individually and as next friend to both Marquabious Bernard Hall and Mai-Tiara Sonjae Hall, Marquabious Bernard Hall, Mai-Tiara Sonjae Hall, John Williams, and The Coalition to Maximize Education (collectively, "Plaintiffs") filed suit against the Dallas Independent School District and John Does 1-10 (collectively, "the DISD"), alleging that the DISD unlawfully provides lower-quality academic programs, equipment, facilities, and materials to schools located in what are principally African-American communities. The focus of much of the Complaint is the allegation that an insufficient amount of public bond money is being allocated to certain schools, and that the allocation is unlawful. Plaintiffs bring claims under 20 U.S.C. § 1706 and 42 U.S.C. § 1983, the Texas Open Meetings

1

Act, and for common-law nuisance. The nuisance claim arises out of an incident in which students at Maynard Jackson Junior High School were allegedly exposed to poisonous sewage gas, allegedly caused by insufficient bond money being allocated to maintain the school's facilities.

Plaintiffs also assert that on several occasions, Plaintiff John Williams made complaints to DISD management about the program funds that were appropriated for and approved for use in predominantly African-American schools, but were later reallocated and diverted to other schools in the DISD. According to Plaintiffs' Complaint, Mr. Williams was terminated from his position as a bond manager in the DISD because of his objections to the inequities of the program. However, Plaintiffs do not assert causes of action due to wrongful termination; rather, they focus on the circumstances surrounding the funding issues.

The DISD moved to dismiss the nuisance claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The DISD also seeks to dismiss several Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. RULE 12(b)(6) MOTION

Defendant DISD first asserts that Plaintiffs' nuisance claim should be dismissed because Texas public school districts may not be held liable for any claims in the absence of a constitutional or statutory provision waiving sovereign immunity, and no such waiver has been made.

### A. *Legal Standard*

Rule 12(b)(6) authorizes the dismissal of a complaint for failure to state a claim upon which relief can be granted.[1] When considering a motion to dismiss, the Court accepts as true all

---
[1] FED. R. CIV. P. 12(b)(6).

well-pleaded facts and views those facts in a light most favorable to the Plaintiff.[2] A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.[3] The factual allegations must be sufficient to raise a non-speculative right to relief.[4] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[5] In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim.[6]

## *B. Governmental Immunity*

Under Texas law, a governmental unit "is immune from tort liability unless the Legislature has waived immunity."[7] The Texas Supreme Court has stated that "an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort."[8] The Legislature has thus labeled school districts as Texas state governmental units for purposes of the Texas Tort Claims Act ("the TTCA"), the legislation that governs the waiver of sovereign immunity.[9] In *City of Dallas v. Jennings*, the Texas Supreme Court held that a governmental entity is entitled to governmental immunity from nuisance claims unless the "governmental immunity is clearly and unambiguously waived."[10] The *Jennings* court further held that governmental immunity is not

---

[2] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).
[3] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).
[4] *Id.* at 1965.
[5] *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).
[6] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).
[7] *Dallas County Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998).
[8] *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978).
[9] TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (Vernon 2008).
[10] *City of Dallas v. Jennings*, 142 S.W.3d 310, 316 (Tex. 2004).

affected by whether the condition is characterized as a nuisance in fact or a nuisance per se.[11] Therefore, in all nuisance cases, a school district cannot be held liable in the absence of a clear and unambiguous waiver of immunity.[12]

*C. Waiver*

Under Texas law, any waiver of governmental immunity "is a matter to be addressed by the Legislature."[13] The Plaintiffs argue that Section 11.151(a) of the Texas Education Code waives governmental immunity, as reprinted below:

> The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.[14]

In 2006, the Texas Supreme Court held that the phrase "sue and be sued" does not serve to waive governmental immunity across the board, reversing its prior holding.[15] The Texas Supreme Court has since held that Section 11.151(a) is "not a clear and unambiguous waiver of immunity."[16] The other statutes Plaintiffs cite for support are equally unavailing.[17] In sum, the only situation for which the Legislature has waived governmental immunity for school districts facing nuisance claims is when the complained-of injuries involve the operation or use of a motor vehicle.[18] None of the Plaintiffs' claims involve a motor vehicle, and thus the DISD is entitled to dismissal of the nuisance claim based on the immunity grounds.

### III. RULE 12(b)(1) MOTION

---

[11] *See Jennings*, 142 S.W.3d at 316.
[12] *Id.*
[13] *Barr*, 562 S.W.2d at 846.
[14] TEX. EDUC. CODE § 11.151(a) (Vernon 2008).
[15] *Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex. 2006).
[16] *Fort Worth Indep. Sch. Dist. v. Serv. Employment Redev.*, 243 S.W.3d 609, 610 (Tex. 2008) (per curiam).
[17] TEX. EDUC. CODE § 130.084 only applies to junior college districts. Section 101.021 of the TTCA expressly states that it does *not* apply to a school district. Plaintiff cites no support for the proposition that sovereign immunity has been waived for gross negligence claims.

Defendant next moves to dismiss several of Plaintiffs' claims pursuant to Rule 12(b)(1). Defendant seeks to dismiss Plaintiffs Essance Peterson, Cedric Laderro Davis, Marquabious Bernard Hall, and Mai-Tiara Sonjae Hall's claims because these four Plaintiffs are minors and therefore lack the legal capacity to sue. Defendant also asserts that Plaintiff John Williams lacks standing to sue because "he has suffered no injury in fact based on the cause[s] of action asserted."[19]

## A. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.[20] Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.[21] When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."[22]

## B. The Standing Requirement

The claim that a party lacks Article III standing is an attack on a court's subject matter jurisdiction over that party.[23] When a plaintiff lacks standing to sue in federal court, it is appropriate for the court to dismiss the action pursuant to Rule 12(b)(1).[24] The Supreme Court has held that Article III standing, at its "irreducible constitutional minimum," requires that a plaintiff demonstrate: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent;" (2) "a causal connection between the

---

[18] TEX. CIV. PRAC. & REM. CODE § 101.051(Vernon 2008); *LeLeauax v. Hamshire Fannet Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992).
[19] Defendant's Brief at 8.
[20] FED. R. CIV. P. 12(b)(1).
[21] *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998).
[22] *Id.*
[23] *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).

injury and the conduct complained of—the injury has to be fairly ... trace [able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court;" and (3) a substantial likelihood that the injury will be "redressed by a favorable decision."[25] The Supreme Court further explained that "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured."[26] The party invoking federal jurisdiction bears the burden of establishing these elements.[27]

*C. Capacity to Sue*

Under Federal Rule of Civil Procedure 17, an individual's capacity to sue or be sued is determined by the law of the individual's domicile.[28] Under Texas law, a minor cannot bring a cause of action on her own behalf unless her minor status has been removed.[29] The age of majority in Texas is 18 years.[30]

*D. Analysis*

1. Minor Plaintiffs' Capacity to Sue

Plaintiffs concede that Essance Peterson, Cedric Laderro Davis, Marquabious Bernard Hall, and Mai-Tiara Sonjae Hall are minors.[31] However, Plaintiffs contend that "[p]recedent has already been set . . . when the courts allowed Sam Tasby to sue along with his sons Eddie Michell Tasby and Phillip Wayne Tasby," citing *Tasby v. Estes*.[32]

The caption in the *Tasby* case—*Eddie Mitchell Tasby et. al. v. Dr. Nolan Estes*—appears

---

[24] *See Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir.1997).
[25] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted).
[26] *Id., quoting Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972).
[27] *Id.* at 561.
[28] Fed. R. Civ. P. 17.
[29] *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).
[30] TEX. CIV. PRAC. & REM. CODE § 129.001 (Vernon 2008).
[31] Plaintiffs' answer and response to Defendant's pre-answer motion, at 12.
[32] 412 F. Supp. 1192 (N.D. Tex. 1976) (Taylor, J.).

6

at first glance to support Plaintiffs' proposition. The original filing in *Tasby v. Estes* was October 6, 1970, when Eddie Tasby was 16 years old.[33] However, the district court's first judgment was successfully appealed to the Fifth Circuit, and by the time the case was again before the district court, it was 1975, and Eddie Tasby had reached the age of majority in Texas. If no party moved to dismiss based on Tasby's initial minor status before the appeal, the issue would have been waived. The case certainly does not establish precedent for allowing a minor to sue over an objection.

Plaintiffs also assert that "[o]ther cases have also allowed minors to be a party to lawsuits of school districts," citing the Fifth Circuit cases of *Castaneda v. Pickard* and *Sherling v. Townley*.[34] However, in both cases, the minor parties were represented by their parents and next friends, and did not appear in their individual capacities, and thus the cases do not support Plaintiffs' contentions. Plaintiffs Essance Peterson, Cedric Laderro Davis, Marquabious Bernard Hall, and Mai-Tiara Sonjae Hall, as minors, do not have the capacity to bring suit in this case as individuals and must be dismissed. The Court notes that others purport to act for them as next friends.

2. Plaintiff John Williams' Standing

Plaintiffs assert that one of the Plaintiffs, John Williams, was wrongfully terminated as a result of retaliation for Mr. Williams's whistle blowing activity. However, Plaintiffs do not assert a cause of action relating to Mr. Williams' termination, which is the only injury to Mr. Williams alleged in Plaintiffs' Complaint. Even if this Court were to return a favorable decision on all four claims brought by Plaintiffs, it would do nothing to address any concrete injury suffered by Mr. Williams. If Mr. Williams desires to assert causes of action related to his

---

[33] Complaint at 1, *Tasby v. Estes*, 342 F. Supp. 945 (N.D. Tex. 1971) (Taylor, J.), *reversed on other grounds by Tasby v. Estes*, 517 F.2d 92 (5th Cir. 1975).

termination, may certainly do so — but Plaintiffs' complaint does not, and so he must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' nuisance claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also **GRANTS** Defendant's Motion to Dismiss Plaintiffs Essance Peterson, Cedric Laderro Davis, Marquabious Bernard Hall, Mai-Tiara Sonjae Hall and John Williams from the suit for lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SO ORDERED**.

November 7, 2008.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

---

[34] 648 F.2d 989 (5th Cir. 1981); 464 F.2d 587 (5th Cir. 1972).